IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SARHAH ELIZABETH LEPE                                                                    PLAINTIFF

v.                                      Civil No. 1:19-cv-01052

SERGEANT JOHNSON, Union County Detention Center
("UCDC"); NURSE RICE, UCDC; DR. HOPSON, UCDC;
And CAPTIAN MITHCELL, UCDC                                                           DEFENDANTS

## ORDER

Currently before the Court is Plaintiff's failure to comply with orders of the Court. On May 18, 2020, Plaintiff informed the Court of a change in her address of record that indicated she was no longer incarcerated. (ECF No. 23). When a plaintiff is released from confinement, the Court's policy is to require resubmission of affidavits to determine whether she should be required to pay all, or a portion of, the fees and costs of the lawsuit. On May 19, 2020, the Court entered an order directing Plaintiff to either pay the $350.00 filing fee and $50 administrative fee or to resubmit an *in forma pauperis* ("IFP") application which reflects her free-world financial status. (ECF No. 24). The order informed Plaintiff that failure to do so by June 9, 2020, would result in dismissal of this lawsuit. To date, Plaintiff has not complied with the Court's order, and the order has not been returned to the Court as undeliverable.

On June 10, 2020, the Court entered an order directing Plaintiff to show cause by June 20, 2020, as to why she failed to pay the filing fee or resubmit an IFP application reflecting her free-world financial status. (ECF No. 30). This order informed Plaintiff that failure to timely and properly comply with the order would result in this case being dismissed. To date, Plaintiff has not complied with this Court's order to show cause, and the order has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court. Neither of these orders have been returned to the Court as undeliverable. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 29th day of June, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge